## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RON CRAWFORD, et al., | ) |
| | ) |
|          Plaintiff(s), | ) |
| | ) |
| v. | )   Case No. 07-cv-529-SAJ |
| | ) |
| CITY OF GROVE, | ) |
| | ) |
|          Defendant. | ) |

### SETTLEMENT CONFERENCE ORDER

**The following are <u>mandatory</u> guidelines for the parties in preparing for the settlement conference.**

**1. PURPOSE OF CONFERENCE:** The purpose of the settlement conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge of every aspect of the lawsuit. This educational process provides the advantage of permitting the settlement judge to privately express his or her views concerning the parties' claims. The settlement judge may, in his or her discretion, converse with the lawyers, the parties, the insurance representatives or any one of them outside the hearing of the others. Ordinarily, the settlement conference provides the parties with an enhanced opportunity to settle the case, due to the assistance rendered by the settlement judge.

**2. FULL SETTLEMENT AUTHORITY REQUIRED:** In addition to counsel who will try the case, a person with full settlement authority <u>must</u> be present for the conference. This requires the presence of your client or, if a corporate entity, an authorized representative of your client, who is not a lawyer who has entered an appearance in the case. A business decision-maker with a law degree, who has not entered an appearance, may be the designated person with authority.

For a defendant, such representative **must** have final settlement authority to commit the company to pay, <u>in the representative's discretion</u>, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers in excess of $100,000.00) or up to the plaintiff's last demand, whichever is <u>lower</u>.

For a plaintiff, such representative <u>must</u> have final authority, <u>in the representative's discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer.

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**3. EXCEPTION WHERE BOARD APPROVAL REQUIRED:** If Board approval is required to authorize settlement, attendance of the entire Board is requested. The attendance of at least one sitting member of the Board (preferably the Chairman) is <u>absolutely required</u>.

**4. APPEARANCE WITHOUT CLIENT PROHIBITED:** Counsel appearing without their clients (whether or not you have been given settlement authority) will cause the conference to be canceled and rescheduled. Counsel for a government entity may be excused from this requirement upon proper application under Local Court Rule 16.2(d) and (c).

**5.     AUTHORIZED INSURANCE REPRESENTATIVE(S) REQUIRED:**  Any insurance company that (1) is a party, (2) can assert that it is contractually entitled to indemnity or subrogation out of settlement proceeds, or (3) has received notice or a demand pursuant to an alleged contractual requirement that it defend or pay damages, if any, assessed within its policy limits in this case, must have a fully authorized settlement representative present at the conference.  Such representative must have final settlement authority to commit the company to pay, in the representative's discretion, an amount recommended by the settlement judge within the policy limits.

The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior.  An insurance representative authorized to pay, in his or her discretion, up to the plaintiff's last demand will also satisfy this requirement.

**6.     ADVICE TO NON-PARTY INSURANCE COMPANIES REQUIRED:**  Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this order.

**7.     PRE-CONFERENCE DISCUSSIONS REQUIRED:**  The attorneys are directed to discuss settlement with their respective clients and insurance representatives, and opposing parties are directed to discuss settlement so the parameters of settlement have been explored well in advance of the settlement conference.

By **June 17, 2008,** plaintiff must tender a written settlement offer to defendant and the assigned settlement judge.  If the plaintiff makes a settlement demand that involves no compromise and requires complete capitulation on the part of the defendant(s), this will be taken as an indication that the plaintiff is unlikely to participate in good faith settlement discussions, and the court, the assigned settlement judge, or the assigned adjunct settlement judge may respond by striking the settlement conference setting.

By **June 24, 2008,** each defendant must make and deliver a written response to plaintiff and the assigned settlement judge.  That response may either take the form of a written substantive offer, or a written communication that a Defendant declines to make any offer.  If the Defendant declines to make any offer, this will be taken as an indication that the defendant is unlikely to participate in good faith settlement discussions, and the court, the assigned settlement judge, or the assigned adjunct settlement judge may respond by striking the settlement conference setting.

Silence or failure to communicate as required is not itself a form of communication which satisfies these requirements.  The assigned trial judge will be advised when a settlement conference is stricken or reset.

**8.     SETTLEMENT CONFERENCE STATEMENT REQUIRED:**  One copy of each party's settlement conference statement, of each party, must be **submitted** no later than **July 1, 2008,** directly to the judge(s) indicated below.  They **must not be filed.**

United States Magistrate Judge **Paul J. Cleary**
333 W. 4th Street, U.S. Courthouse
Tulsa, OK    74103

Adjunct Settlement Judge **R. Tom Hillis**
Titus, Hillis & Reynolds
15 East 5th Street, Suite 2750
Tulsa, Oklahoma    74103

Your statement should set forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that may have been conveyed.  Copies of your settlement conference statement are to be promptly transmitted to all counsel of record.

The settlement conference statement may not exceed five (5) pages in length and will not be made a part of the case file.  Lengthy appendices should not be submitted. Pertinent evidence to be offered at trial should be brought to

the settlement conference for presentation to the settlement judge if thought particularly relevant.

**9.      CONFIDENTIALITY STRICTLY ENFORCED:**   Neither the settlement conference statements nor communications of any kind occurring during the settlement conference can be used by any party with regard to any aspect of the litigation or trial of the case.  Strict confidentiality shall be maintained with regard to such communications by both the settlement judge and the parties.

**10**.      **CONTINUANCES ARE DISCOURAGED:**  As settlement conferences require the reservation of large blocks of time, and the administrative burden of rescheduling one is significant, applications for continuance of the settlement conference are generally discouraged.  However, these considerations are outweighed if the settlement conference, as set, will result only in wasted effort.  When this becomes apparent, counsel are urged to immediately advise the office of the assigned magistrate judge or adjunct settlement judge of the perceived difficulty, so that appropriate action may be taken.  An application to reschedule the settlement conference for the convenience of any party will ordinarily not be entertained unless such application is submitted to the settlement conference judge in writing at least **seven (7)** days prior to the scheduled conference.  Any such application must contain both a statement setting forth a good reason for a continuance and a recitation of whether or not the continuance is opposed by any other party.

**11.      SETTING:**  The settlement conference is set before **Adjunct Settlement Judge R. Tom Hillis**, on **July 8, 2008 at 9:30 a.m.**  The parties should report to the Magistrate Courtroom #2, Third Floor of the U.S. Courthouse, 333 W. 4th Street, Tulsa, OK.

**12.      NOTIFICATION OF PRIOR SETTLEMENT REQUIRED:**  In the event a settlement between the parties is reached before the settlement conference date, parties are to notify the settlement judge immediately.

**13.      CONSEQUENCES OF NON-COMPLIANCE:**   Upon certification by the Settlement Judge or Adjunct Settlement Judge of circumstances showing non-compliance with this order, the assigned trial judge may take any corrective action permitted by law.  Such action may include contempt proceedings and/or assessment of costs, expenses and attorney fees, together with any additional measures deemed by the court to be appropriate under the circumstances.

Dated February 27, 2008.

_____
Paul J. Cleary
United States Magistrate Judge